IN THE DISTRICT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR-06-069-02T |
| | ) | |
| ROBERTO E. OLIVO | ) | |

APPLICATION FOR ORDER DIRECTING
TELEPHONE RECORDS DISCLOSURE

Comes now the United States of America, by its Attorney, Sandra R. Beckner, Assistant United States Attorney for the District of Rhode Island, and makes this application under oath to a court of competent jurisdiction as defined by 18 U.S.C. § 3127(2)(A), for an Order authorizing the disclosure of telephone records pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d).

Specifically, I move this court, pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d), to direct SPRINT-NEXTEL, a provider of electronic communication services as defined in 18 U.S.C. §2510(15), to furnish any authorized representative of the Drug Enforcement Administration ("DEA") the following records pertaining to (774) 849-1210, a Cellular Telephone, issued by SPRINT-NEXTEL, subscriber believed to be ROBERTO E. OLIVO, [hereinafter the "Target Telephone Number"], for the time period of December 1, 2005 to May 27, 2006:

(a) Subscriber[1] and Billing information, including

[1] "Subscriber Information" includes:
(A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and

subscriber name, address, and length of service;

(b) All incoming calls including time of call and call duration;

(c) All outgoing calls (numbers dialed), including time of call and call duration;

(d) Subscriber, IMSI, ESN, SIM, and billing information; and,

(f) Subscriber, IMSI, ESN, SIM and billing information for any other cellular/wireless telephones on the same account as the Target Telephone or that may be identified from these records for the duration of the Court's Order.

Additionally, I move this court, pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d), to direct SPRINT-NEXTEL, a provider of electronic communication services as defined in 18 U.S.C. §2510(15), to furnish any authorized representative of the DEA the following information regarding cell site pertaining to the Target Telephone Number, for the time period of May 26, 2006 to May 27, 2006:

(a) Cell site activation;

---

durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number)of a subscriber to or customer of an electronic communication service or remote computing service. 18 U.S.C.§ 2703(c)(2).

(b) Signaling information;

(c) A listing of all control channels and their corresponding cell-sites; and,

(d) An engineering map, showing all cell-site tower locations, sectors, and orientations.

In support of this motion, the government hereby sets forth the following specific and articulable facts establishing reasonable grounds and probable cause to believe that the records sought, including subscriber information, toll records and cell site information for the Target Telephone Number, will be relevant and material to an ongoing criminal investigation concerning drug trafficking by ANCELMO A. CASTILLO [hereinafter CASTILLO] and ROBERTO E. OLIVO [hereinafter OLIVO]:

(a) Both individuals were indicted by a federal grand jury on June 7, 2006 for conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, and aiding and abetting the possession with the intent to distribute one kilogram or more of heroin[2].

(b) On May 26, 2006, agents with the DEA task force, including Task Force Agent Michael Naylor, utilized a confidential source (CS) to arrange for the purchase of approximately one kilogram of heroin from CASTILLO. The CS made

---

[2] A motion to amend Count Two has been filed to the lesser included offense of possession with the intent to distribute 100 grams or more of heroin.

a controlled telephone call to CASTILLO. The CS and CASTILLO arranged to meet at Honey Dew Donuts in Cranston, RI.

(c) Agents followed the CS to the prearranged location and observed the CS meet with CASTILLO, who was driving a 1996 Dodge van. During this meeting, CASTILLO agreed to sell the CS 1,200 grams of heroin for $60 per gram. They agreed that the CS would pay CASTILLO $60,000 on delivery and the remaining $12,000 in two days. During the course of the meeting, CASTILLO called OLIVO to "pick up" the material. CASTILLO then told the CS that OLIVO had to travel to NY to retrieve the heroin, and that OLIVO would return with the "big boss," who would wait for the money.

(d) On May 27, 2006, agents set up surveillance at CASTILLO's residence located at 17 Hempstead Street in Providence, RI. They observed a 1994 Honda station wagon, followed by a 2000 Dodge van with NY plates park at CASTILLO's residence. CASTILLO exited the house and met with OLIVO, who had driven the Honda station wagon, while two of the four males in the van served as a lookout. OLIVO retrieved a black garbage bag from the Honda station wagon and handed it to CASTILLO, who placed the bag in his 1996 Dodge van.

(e) CASTILLO then called the CS and stated "The stuff is here. Let's meet at the Walgreen's on Elmwood Ave in five minutes." Agents followed CASTILLO to the Walgreen's where he met with the CS. Upon the CS's signal, agents arrested CASTILLO

and found the black garbage bag containing three packages wrapped in duct tape, which later field tested positive for heroin.

(f) Agents then arrested OLIVO, who was at 17 Hempstead Street. Inside his pocket, agents found the keys of the Honda station wagon.

(g) At the scene, CASTILLO admitted that OLIVO had gone to NY to pick up the heroin. He also stated that the Honda station wagon had a "secret compartment," and that one of the four males was the supplier of the heroin. Agents later checked the Honda station wagon and discovered a mechanical trap in the rear of the vehicle.

(h) OLIVO was advised of his Miranda rights and stated "You have me. I delivered the heroin, just arrest me." Then he refused to speak further.

(i) CASTILLO gave a written statement in which he admitted that he was on his way to deliver drugs when he was arrested, that OLIVO had brought those drugs up from New York, and that he was going to make $1,000 from the sale of the heroin to the CS. CASTILLO also admitted that he arranged for someone to deliver 500 grams of heroin to OLIVO a week prior to May 27, 2006. He stated that he dealt with Waska Pena, a defendant in another drug case. CASTILLO stated that he spoke with Pena on the phone in December 2005 regarding a deal for 700 grams of heroin for an individual named, Teo.

(j) In Task Force Agent (TFA) Naylor's experience, subscriber information, including toll data and cell site information obtained regarding the Target Telephone number will yield information that is relevant and material to investigation of drug trafficking. Specifically, the information obtained pursuant to this order can show the relationship between conspirators, call patterns that are consistent with narcotics trafficking, and evidence corroborative of information obtained through cooperating sources and cooperating co-conspirators.

(k) Furthermore, in this case, which is set for jury empanelment on July 15, 2006, the defense indicated that OLIVO claims that he had no involvement in the above-described narcotics trafficking, and that he remained in Providence during the entire transaction. Cell site information from May 26, 2006 through May 27, 2006 may show that the Target Phone traveled during the relevant time period.

(l) SPRINT-NEXTEL has refused to provide cell site information without an order of this Court.

WHEREFORE, it is respectfully requested that this Court grant an order:

Directing SPRINT-NEXTEL to furnish any authorized representative of the DEA the requested information concerning Target Telephone.

SANDRA R. BECKNER
Assistant U.S. Attorney

Subscribed and sworn to before
me this 2cnd st day of August, 2006
at Providence Rhode Island.

ERNEST C. TORRES
CHIEF JUDGE
UNITED STATES DISTRICT COURT