**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS.** | : | **CR No. : 06-69-02 T** |
| | : | |
| **ROBERTO E. OLIVO** | : | **October 16, 2006** |

## DEFENDANTS PRE-TRIAL MEMORANDUM

The defendant takes the position that he did not knowingly exercise domain and control over the heroin. Therefore he will put the government to its burden of proving its case by evidence and proof beyond a reasonable doubt.

## ESTIMATED TIME OF TRIAL

Two day trial

## ISSUE

The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally possess the heroin with the intent to distribute.

The issue to be resolved is whether or not the government can prove that it was the defendant who knowingly handed the heroin to Ancelmo Castillo.

## PROPOSED VOIR DIRE QUESTIONS

1) Have you or any of your relatives or close friends ever been the victim of a crime? If so, please explain the circumstances.

2) Have you or any member of your family or any of your friends ever been employed in law enforcement? If so, please explain.

3) The offense with which the defendant is charged involves drugs:

a. have you had any personal experience that would make it difficult for you to sit on such a trial?

b. has any member of your family or any friend experienced a problem with drugs that would have an effect on your ability to serve fairly on this case?

c. Do you belong to any group or association whose function involves any anti-drug campaign?

d. Have you ever expressed a public opinion on the drug problem in our society?

4) The defendant in this case is a member of a minority:

a. do you hold any opinions about a relationship between drugs and minorities?

b. Have you experienced any kind of problem in employment, housing, education or neighborhood which involved a member of a minority?

**DEFENDANTS REQUEST FOR CHARGE**

1. The government must prove its case beyond a reasonable doubt. United States v. Nickens, 955 F.2d 112 (1st 1992); United States v. De Vincent, 632 F.2d 147 (1st Cir. 1980). Proof beyond a reasonable doubt is described in this way. If after a full, fair, honest, and intelligent consideration of all of the evidence in this case you have an abiding conviction amounting to a moral certainty of the truth of the charge, then the charge has been established beyond a reasonable doubt. United States v. Cabrera, 208 F.3d 309 (1st Cir. 2000); United States v. Campbell, 61 F.3d 976 (1st Cir 1995); United States v. Jorge, 865 F.2d 6 (1st Cir. 1959). An abiding conviction is not a temporary one, nor one which does for the time being, but is a full, firm, lasting conviction. So here if after a full,

firm, honest and intelligent consideration of all of the evidence in this case, you have an abiding conviction amounting to a moral certainty of the truth of the charge made against this defendant then, his guilt is established beyond a reasonable doubt, and it would be your duty under those circumstances to return a verdict of guilty. But, if after such a consideration of all of the evidence in this case, you do not have an abiding conviction amounting to a moral certainty of the truth of the charges made against, him, then the truth of the charge is not established beyond a reasonable doubt, and under those circumstances it would be your duty to return a verdict of not guilty.

2. To prove the elements of the crime of conspiracy, the government must prove, beyond a reasonable doubt:

A. the evidence of a conspiracy

B. the defendant's knowledge of a conspiracy

C. the defendant's voluntarily participation in the conspiracy.

United States v. Fenton, 367 F.3d 14 (1st Cir. 2004); United States v. Barnes, 244 F.3d 172 (1st Cir. 2001); United States v. Marrero-Ortiz, 160 F.3d 768 (1st Cir.1998); United States v. Morillo, 158 F.3d 18 (1st Cir. 1998); United States v. Gomez-Pabon, 911 F.2d 847 (1st Cir. 1990).

To prove that the defendant belonged to and voluntarily participated in the conspiracy the government must prove two kinds of intent: "intent to agree and intent to commit the substantive offense," United States v. Guerra-Garcia, 336 F.3d 19 (1st Cir. 2003); United States v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); Gomez-Pabon, 911F.2d at 853 [quoting United States v. Rivera-Santiago, 872 F.2d 1073 (1st Cir. 1989)]; United States v. Drougas, 748 F.2d 8 (1st Cir. 1984).

The fact that a defendant knew what was going on is, on its own, not enough to establish an intent to conspire. United States v. Morilllo, supra; United States v. O'Campo, 973 F.2d 1015 (1st Cir. 1992); United States v. Aponte-Suarez, 905 F.2d 483 (1st Cir. 1990); United States v. Hyson, 721 F.2d 856 (1st Cir. 1983).

3. In determining whether a conspiracy existed, the jury may consider the actions and declarations of all the alleged participants. However, in determining whether a particular defendant was a member of a conspiracy, if at all, the jury may consider only his own acts and statements. Whether an individual defendant had become a member of a conspiracy, therefore, may only be determined if the jury finds beyond a reasonable doubt from his own acts and statements, that be became a member. United States v. Medina-Martinez, 396 F.3d 1 (1st Cir. 2005); United Sates v. Frankhouser, 80 F.3d 641 (1st Cir. 1996); United States v. Aponte-Swarez, 905 F.2d 483 (1st Cir. 1990).

It must be kept in mind at all times that the guilt of each alleged conspirator must be considered individually and separately and one cannot be bound by the acts and declarations of other participants until it is established beyond a reasonable doubt, if it is ever established, that a conspiracy existed and that he became a member of the conspiracy. See United States v. Hyson, 721 F.2d 856 (1st Cir. 1983); United States v. Mackdean, 562 F.2d 103 (1st Cir. 1977); United States v. Guanti, 421 F.2d 792 (2nd Cir. 1970); United States v.. Spock, 416 F.2d 165 (1st Cir. 1969).

4. Evidence that the defendant was in the company of, or associated with one or more of the persons alleged or proved to have been a member of a conspiracy is not sufficient to prove that such defendant was a member of the alleged conspiracy. In fact, mere presence at the scene of a crime even coupled with knowledge that a crime is being committed is insufficient to prove membership in a conspiracy. See United States v. Castro Garcia, 818 F.2d 136 (1st Cir. 1987); United States v. Paone, 758 F.2d 774 (1st Cir. 1985); United States v. Mehtala, 578 F.2d 6 (1st Cir. 1978); United States v. Francomano, 554 F.2d 483 (1st Cir. 1997).

Similarity of conduct among various persons and the fact that they may have been associated with each other and may have been together and discussed common interests is not sufficient to establish membership in a conspiracy.

In other words, mere association with conspirators even coupled with knowledge that a violation of the law has occurred is insufficient to make a defendant a conspirator. See United States v. Corpus, 882 F.2d 546 (1st Cir. 1989); United States v. Hathaway, 534 F.2d 386 (1st Cir. 1976).

5. The essential elements of the crime of possession with intent to distribute heroin are: that the defendant possessed heroin, either actually or constructively. That he did so with specific intent to distribute the heroin over which he had actual or constructive possession, and that he did so knowingly and intentionally. United States v. Latham, 874 F.2d 852 (1st Cir. 1989).

6. Possession, can of course, be either actual or constructive. Constructive possession is defined as exercising dominion or control over the drug to be

distributed. United States v. Latham, supra: United States v. Thompson, 700 F.2d 944 (5th Cir. 1983); United States v. Batemana, 623 F.2d 1366 (9th Cir. 1980).

Mere proximity to the drug, mere presence or mere association with the person who does control the drug is insufficient to support a finding of possession. United States v. Latham, supra, citing, United States v. Reese, 561 F.2d 894 (D.C. Cir. 1977); See also, United States v. Castro-Garcia, 818 F.2d 136 (1st Cir. 1987); United States v. Paone, 758 F.2d 774 (1St Cir. 1985); United States v. Mehtala, 578 F.2d 6 (1st Cir. 1978).

Respectfully submitted,
ROBERTO E. OLIVO,
By his Attorney,

/s/ *John M. Cicilline*
John M. Cicilline, Esq. #3350
381 Atwells Avenue
Providence, RI 02909
Office 401 273-5600
Fax 401 454-5600
jmcicilline387@aol.com

**CERTIFICATION**

I hereby certify that on October 16, 2006 a true copy of the above document was served upon all attorneys of record by ECF filing.

/s/ *JOHN M. CICILLINE*